## THE STATE v. SUMMERS.

A verdict will not be set aside, on the ground that the jury, while deliberating, conversed
with a deputy sheriff who sat at the same table with them at supper, where they were
kept together during the adjournment of the court, and the conversation does not relate to
the trial, and could not have produced any effect on their decision.  Where jurors
have not been permitted to separate, their verdict will not be set aside unless the ten-

dency of the irregularity complained of has been to influence their deliberations. The mere presence of an officer could have no influence on them.

A jury, kept together during the adjournment of the court, are entitled to necessary refreshments, if furnished at their own expense.

Where, at the instance of the counsel for the accused, the judge, in his charge to the jury, states his opinion as to the credibility of a witness, and, on the return of the jury into court for further instructions, repeats what he originally stated respecting the witness, the accused cannot object to it.

A prisoner is entitled to the assistance of his counsel in exercising his right of challenge. A verdict cannot be sustained where this right is refused.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. *J. M. Wolfe* and *Holland*, for the appellant. The judgment of the court was pronounced by

KING, J. The accused was convicted of robbery, and moved for a new trial on various grounds. The motion was overruled, and he has appealed.

The irregularities which it is contended vitiate the verdict are: 1st. That the jury, while deliberating, conversed with the deputy sheriff, who sat at the same table with them during the supper hour.

2d. That the jury, during their retirement, conversed with *Lugenbull*, another deputy.

3d. When the jury returned into court for further instructions, the judge expressed to them his opinion that the testimony of the witness *Fitzwilliams*, was worthy of credit.

4th. That the prisoner was denied the aid of his counsel, in exercising his right of peremptory challenge.

I. It appears that the jury were at first unable to agree, and the hour being late, the court, about eight o'clock in the evening, adjourned over to the following morning. The jury were committed to the charge of a deputy sheriff, and were provided with refreshments under the directions of the sheriff. The deputy sat at the table with them, and partook of the meal, but held no conversation with them. The only conversation which he is shown to have held with any of the jurors at any time, related to the opening of a door in order to establish a communication with an adjoining gallery. When jurors have not been permitted to separate, their verdict will not be set aside, unless the tendency of the irregularity complained of has been to influence their deliberations. Wharton's C. L. 644. 8 Rob. 590. The jury were entitled to necessary refreshments, if furnished at their own expense; and it is not perceived how their verdict could have been influenced by the mere presence of the officer during their meal.

It has been urged in argument, as a further irregularity, that the jury were furnished with wine at supper. This was not one of the grounds presented for a new trial in the court below, and, even if it were entitled to weight under the loose evidence in the record, could not be considered here.

II. The second ground is not supported by the evidence. The testimony of *Lugenbull* leaves it doubtful whether the question which he answered, was asked by the juror while the latter was sitting on the trial of this case. But, if the fact had been established, it would not affect the result. The question and answer had no relation to the trial, were unimportant in themselves, and could not have influenced the verdict.

III. The judge was requested by the prisoner's counsel, while delivering his charge to the jury, to state his opinion in relation to the credibility of the witness *Fitzwilliams*, and complied with the request. When the jury, after hav-

STATE
v.
SUMMERS.

ing deliberated for some time, returned into court for further instructions, the judge repeated what he had originally stated respecting the testimony of this witness.   Of this the accused cannot complain.

IV.  In relation to the last ground, it has not been shown that the accused was denied the assistance of his counsel in exercising his right of challenge. On the contrary, the judge, in assigning his reasons for overruling the motion for a new trial, states that the practice of his court accords this right to parties accused.   We may add that the prisoner has an undoubted right to this aid, and that no verdict could be sustained in a case where it was refused.

The motion for a new trial was, in our opinion, properly overruled.

*Judgment affirmed.*