### THE STATE OF KANSAS v. ALVA MOORE.

No. 11,664. (60 Pac. 748.)

1. CRIMINAL PRACTICE—*Benefit of Counsel.* A person accused of crime is entitled to the assistance of counsel at every step and stage of the prosecution.

2. ——— *Arraignment in Absence of Counsel—Error.* The defendant, who was charged with a felony, was arraigned and required to plead in the absence of his counsel, who were non-residents of the county in which he was tried, and who, in answer to a telegram, had been notified by the county attorney that the case would not be set for trial until the day after the one on which defendant was arraigned and required to plead. *Held*, that this was, in effect, the denial of a fundamental right, and was material error.

The State v. Moore.

Appeal from Montgomery district court; A. H. Skidmore, judge. Opinion filed April 7, 1900. Reversed.

*J. S. West,* assistant attorney-general, and *John Callahan,* county attorney, for The State.

*Lamb & Hogueland,* and *S. C. Holcomb,* for appellant.

The opinion of the court was delivered by

Johnston, J. : An information was filed on September 25, 1899, charging Alva Moore with the larceny of " one brown mare mule of the value of seventy-five dollars, one bay horse mule of the value of seventy-five dollars, one Racine one-horse top buggy, complete, of the value of sixty-five dollars, and one set of single buggy harness of the value of three dollars," etc. The next term of the district court began on the first Tuesday of November, which was the day of the general election.   On November 6, one of the attorneys employed to defend Moore, and who resided in another county, telegraphed the county attorney of Montgomery county inquiring " when the Moore case would be heard," and on the same day he received a reply by wire that " Moore case will be set for trial the 8th." On the 7th the defendant was brought into court by the sheriff, and, in the absence of his attorneys, was required to plead tó the information, and he entered a plea of not guilty.   His attorneys appeared on the following day and a trial was had, which resulted in the conviction of the defendant.   Counsel contend that the action of the court in requiring the defendant to plead to the information on election day, in the absence of his attorney, and when the county attorney had wired counsel for defendant that the case would

not be taken up until the following day, was fatal error.

The defendant needed and was entitled to the aid of counsel when he was arraigned and required to plead. "With us it is a universal principle of constitutional law that the prisoner shall be allowed a defense by counsel." (Cooley, Const. Lim., 6th ed., 406.) The constitution of the United States (6th amend.) expressly provides that, "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense"; and a like provision is made in our state constitution. (Bill of Rights, § 10.) In order that the accused may have the full benefit of this fundamental right, the legislature has provided that when he is about to be arraigned upon a charge of felony, and is without counsel and unable to employ any, it is the duty of the court to appoint counsel to conduct his defense, upon request. (Gen. Stat. 1897, ch. 95, § 160; Gen. Stat. 1899, § 4410.)

So important is the presence of counsel regarded that it has been held to be error for the judge to repeat an oral charge to the jury in the absence of counsel for the defendant. (*State of Louisiana v. Davenport*, 33 La. Ann. 231.) In *People v. Trim*, 37 Cal. 274, it was held to be a fatal error for the court to give further instructions to the jury in the absence of the defendant's attorney, although the defendant himself was present. In another case it was held that the accused could not be deprived of the guaranteed right to be represented by counsel because he was a lawyer, and that to compel him to proceed without counsel was a plain and palpable violation of a fundamental right. (*People v. Napthaly*, 105 Cal. 641, 39 Pac. 29.) His right is not limited to proceedings at and subse-

quent to the impaneling of the jury, but he needs and is entitled to counsel at every step and stage of the prosecution. It has been held that an accused person imprisoned and awaiting the action of the grand jury has a constitutional right to a private interview with counsel, and that such right could be enforced by mandamus. (*The People, ex rel. Burgess, agt. Risley,* 66 How. Pr. 67; 13 Ab. New. Cas. 186.) In *State v. Summers,* 4 La. Ann. 26, where it was claimed that a prisoner was denied the aid of counsel in exercising his right of peremptory challenge of jurors, it was decided that he had an undoubted right to such aid, and that no verdict could be sustained where it was refused.

The arraignment and plea are important steps in the prosecution, and the defendant, unused to courts and ignorant of rules and procedure, was arraigned and required to plead in the absence of attorneys, and when the prosecution had informed them that the case would not be taken up until the following day. In a trial for a felony the arraignment has always been regarded as an essential, and the omission of the same a sufficient ground for reversal. (*The State v. Wilson,* 42 Kan. 587, 22 Pac. 622; *The State v. Baker,* 57 id. 541, 46 Pac. 947.). Until the plea is entered there is no issue to try, and all motions preliminary to the forming of an issue must be made before the arraignment and plea. The defendant is then brought before the court to establish his identity, acquaint him with the charge, and obtain his answer or plea, and it has been held to be important that motions to quash and all attacks upon the sufficiency of the information or indictment should be disposed of before arraignment. (*The State v. Pryor,* 53 Kan. 657, 37 Pac. 169.)

Counsel for defendant assert that they desired to at-

tack the information on several grounds, and that there was no arraignment upon the 8th, when the case was tried; that they had no knowledge of the attempted arraignment before that time, and, resting upon the belief that no arraignment had occurred, they did not attack the information until the end of the trial, when they were informed for the first time of the proceedings taken in their absence. However this may be, we think that under the circumstances of this case the arraignment in the absence of counsel was in effect a denial of a fundamental right, and material error. The defendant evidently had no conception of the character or importance of the step that was taken, and counsel had a right to rely on the statement of the county attorney and to believe that no arraignment would be made nor any steps in the prosecution taken until the time stated.

For this error the judgment will be reversed and the cause remanded for a new trial.