## COWHERD *v.* STATE OF INDIANA.

[No. 569S124. Filed April 8, 1970. No petition for rehearing filed.]

694

*Don R. Money,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

HUNTER, C.J.—This is an appeal brought by appellant, Michael Cowherd, from a conviction in the Marion Criminal Court, Division Two, of the crime of robbery. Appellant was tried by the court without the intervention of a jury and found guilty as charged. He was sentenced to the Indiana Reformatory for not less than ten years, nor more than twenty-five years.

Appellant filed a timely motion for new trial which was overruled by the trial court, and he is assigning as error in this appeal the overruling of said motion. The single question raised by appellant before this court is whether there is sufficient evidence to sustain the court's judgment of conviction.

The indictment under which appellant was charged omitting the caption reads as follows:

". . . that . . . Michael Cowherd on or about the 4th day of September, A.D. 1968, at and in the County of Marion

and in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting CHARLES E. DURICK in fear take from the person and possession of the said CHARLES E. DURICK money and a watch, then and there of the value of One Hundred Ten ($110.00) Dollars in lawful money, which property the said CHARLES E. DURICK then and there lawfully held in his possession and was then and there the property of CHARLES E. DURICK, . . ."

The crime of robbery is found at Ind. Ann. Stat. § 10-4101 (1956 Repl.) which reads in pertinent part:

"Robbery . . . Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period . . ."

The elements of robbery as set out by the above statute are: (1) the taking from the person of another; (2) an article of value; (3) by violence or putting in fear. *Locke* v. *State* (1969), 252 Ind. 480, 250 N. E. 2d 372. In order to sustain the verdict of guilty in a criminal trial, each element of the crime charged must be established by substantial evidence of probative value, so as to convince the trier of fact of its existence beyond a reasonable doubt. If reasonable men might differ as to whether or not the body of the evidence is sufficient upon which to base a conviction of an accused, the judgment of guilty will not be set aside; if however, no reasonable men could be convinced from the evidence of the guilt of the accused beyond a reasonable doubt, judgment must be reversed as not being sustained by sufficient evidence. *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874; *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

In looking at the sufficiency of the evidence, this court on appeal will examine only that evidence and the reasonable

inferences deducible therefrom which is most favorable to the state. *Carter* v. *State* (1968), 250 Ind. 50, 234 N. E. 2d 850; *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794; *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727. We will not weigh the evidence, nor determine the credibility of witnesses. *Leaver* v. *State* (1968), 250 Ind. 523, 237 N. E. 2d 368; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809.

The facts as viewed most favorable to the state reveal the following: the state's prosecuting witness, Charles E. Durick, testified that on September 4, 1968, at approximately 11:30 P.M., he was returning to his apartment at North Park Avenue in Indianapolis. He parked his car across the street from his apartment building, got out and proceeded to enter the building. As he was going through the doorway, a man grabbed his arm, pointed a gun at his head and pulled him off the porch. The witness testified that his assailant was accompanied by an accomplice who was armed with a knife and that both men took him around to the side of his apartment building.

At that time the men took his billfold out and removed $10.00 therefrom. In addition they took the witness' wrist watch valued at $100.00. He testified that he was placed in fear by these events.

As to the identification of appellant, the witness testified on both direct and cross-examination that he had gotten a good look at both of the men who accosted him. Further, he was able to observe the license number and description of the automobile from which his assailants alighted. He reported this information to the Indianapolis Police Department which immediately initiated a search for the vehicle and the suspects.

Officer James Highbaugh of the Indianapolis Police who was on duty at the time of the above-described events testified that he received the identification of the vehicle in question and spotted the same in the vicinity of 22nd and College Avenue in

Indianapolis. Just prior to stopping the appellant and his companions, Officer Highbaugh observed one of them throw a weapon out of the window of the vehicle. He stopped and arrested the suspects at 22nd and Carrollton and returned to the location where the weapon was thrown. He found a pistol at that location. Officer Highbaugh's arrest was made within 25 minutes of the alleged robbery.

In view of the above evidence together with the reasonable inferences deducible therefrom we hold as a matter of law that the evidence was sufficient to convince the trial court that the defendant was guilty of the crime of robbery beyond a reasonable doubt. We believe that the judgment is supported by sufficient evidence and therefore is not contrary to law.

Judgment affirmed.

DeBruler and Givan, JJ., concur; Arterburn and Jackson, JJ., concur in result.

NOTE.—Reported in 256 N. E. 2d 679.