HARRY E. FERGUSON *v.* STATE OF INDIANA.

[No. 172A52. Filed September 27, 1973.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

CASE SUMMARY

BUCHANAN, P.J.—Harry E. Ferguson (Ferguson) appeals from denial of his Post-Conviction Petition, wherein he alleged that his plea of guilty which resulted in a conviction of commission of a felony while armed was not freely, understandingly, knowingly and intelligently made, and further claimed ineffective representation by counsel.

We affirm.

FACTS

The facts and evidence, when viewed most favorably to the State and the judgment of the court below, reveal that:

On September 28, 1968, the Modern Pharmacy at 6049 East Washington Street in Indianapolis was robbed by a lone gunman, who obtained narcotics and $205.00 in cash.

Acting on information obtained from an informant, the Indianapolis Police Department arrested Ferguson and one Ralston Davis, Jr. In custody, the pair furnished the police with statements admitting that Ferguson had driven the car involved in the robbery and waited outside while Davis entered the store and committed the robbery.

On October 21, 1968, an Affidavit was filed in Marion County Criminal Court charging Ferguson and Davis with Robbery. Ferguson waived arraignment on October 23, 1968 and defense counsel was appointed for him.

The testimony was conflicting as to the number of times Ferguson's counsel met with him prior to his guilty plea.

Ferguson testified at his Post-Conviction Hearing that his attorney had consulted with him only once, for a brief period immediately preceding the guilty plea. The defense counsel contradicted this by testifying to at least three meetings, and his testimony is consistent with events as revealed by the record.

The defense counsel agreed that he had conferred with Ferguson immediately prior to the guilty plea hearing. The attorney also testified, however, that it was his unvarying practice to confer with pauper defendants when they were arraigned. Ferguson was served with Capias and, waiving arraignment, plead not guilty on October 23, 1968. The record reflects that appointed counsel entered his appearance on Ferguson's behalf the same day.

The attorney further testified that he had conferred with Ferguson as to the plea bargain he had arranged, and that in order to do so it had been necessary to obtain a continuance. The record confirms that the trial counsel sought and obtained a continuance on November 1, 1968.

The defense attorney also stated Ferguson admitted guilt to him and that he interviewed Davis who confirmed Ferguson's participation in the robbery. In addition he interviewed

the police officers involved and met with the prosecutor's staff in investigating the case.

As a result of the plea bargaining, a second count of Commission of a Felony While Armed (Armed Robbery) was filed, and Ferguson plead guilty to the Armed Robbery charge on November 14, 1968.[1]

The transcript of the guilty plea hearing reveals an exhaustive examination of Ferguson by the trial court with Ferguson affirming and re-affirming that he was voluntarily pleading guilty.

The exact nature of rights he was waiving by pleading guilty were explained in detail. Ferguson acknowledged that the testimony of the witnesses implicating him in the holdup was correct.

Following this hearing, the court accepted Ferguson's guilty plea.

Ferguson and Davis were each sentenced to minimum terms of 10 years for Armed Robbery on November 22, 1968, and in accordance with the plea bargain, the Robbery count against them was dismissed.

Ferguson filed a Post-Conviction Relief Petition on April 9, 1971. Following hearings on May 5 and May 12, 1971, the trial court denied Ferguson's Petition, from which denial Ferguson brings this appeal.

## ISSUES

Ferguson's Brief presents two issues for our consideration:

ISSUE ONE. Did Ferguson enter his guilty plea freely, understandingly, knowingly, and intelligently?

---

1. Although Armed Robbery is a more serious offense than Robbery, under the statutes existing in 1968 a defendant who was able to bargain for the minimum 10 years determinate sentence *might* be in a better position than one sentenced to a 10 to 25 year indeterminate term for Robbery. See *McVea* v. *State* (1973), 155 Ind. App. 499, 293 N.E.2d 786.

ISSUE TWO. Did Ferguson establish at his Post-Conviction Relief hearing that he had not received effective and adequate representation by his court appointed counsel?

As to ISSUE ONE, Ferguson contends that he was not counseled as to the effects and consequences of his guilty plea, and therefore could not have knowingly entered the plea.

The State answers that the record affirmatively shows the voluntary nature of the plea, and Ferguson's understanding of the plea's consequences.

As to ISSUE TWO, Ferguson argues that his counsel met with him only once before his plea and thus was able to furnish only perfunctory representation.

The State replies that Ferguson failed to sustain the burden of proof in the Post-Conviction proceedings and thus did not overcome the presumption of competence of defense counsel.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that the transcript of Ferguson's guilty plea hearing amply demonstrates that his plea was entered voluntarily, knowingly, and understandingly.

This court, in *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867, following *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 and *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, recently summarized the Indiana and federal requirements as to what the record must contain in order for an accused to knowingly and understandingly enter a plea of guilty and thereby waive his constitutional rights—and these requirements need not be repeated here.

It is interesting to observe that Ferguson's Guilty Plea Hearing took place on November 14, 1968, some six months

before *Boykin* v. *Alabama, supra,* clarified federal constitutional standards relating to guilty pleas. Our Supreme Court in *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803, held *Boykin* was not to be given retroactive effect, so these exact standards need not be reflected in the record before us. However, it is our opinion that the transcript adequately demonstrates that the trial court took every precaution necessary, whether by 1968 or present standards, to assure that Ferguson's guilty plea was entered knowingly, understandingly, and voluntarily.

During the morning session on November 14, 1968, the trial judge advised Ferguson of his right to trial by jury, his right against self-incrimination, presumption of innocence, right to subpoena and cross-examine witnesses, and his right to appeal. Ferguson was told that he was entitled to have counsel appointed for trial and appeal, the crime with which he was charged and the range of sentences which that crime carried. All of the above was explicitly and graphically explained to Ferguson. He affirmed his understanding of his rights and repeatedly stated that it was his voluntary wish to plead guilty.

The hearing was then adjourned until the afternoon session, at which time Ferguson was present while Davis was admonished, again he reaffirmed his desire to plead guilty, and subsequent to the testimony of the drug store employees and a police officer, confirmed that their testimony was in all respects correct.

Ferguson's attack on his guilty plea is so vague we can only conclude that the trial court properly ruled that "the defendant knowingly, intelligently, voluntarily, and willingly entered his plea of guilty. . . ."

ISSUE TWO.

CONCLUSION—It is our opinion that the trial court did not commit error in finding that Ferguson's trial counsel was

competent and adequately represented him at various stages of the proceedings resulting in his conviction of Armed Robbery.

As our Supreme Court recently summarized in *Haddock* v. *State* (1973), 260 Ind. 593, 596, 298 N.E.2d 418, 420:

> "There is a presumption that the trial counsel appointed or accepted by the trial court is competent. *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872. *This presumption can be overcome only by a showing that the attorney's actions, or inactions, made the proceedings a mockery and shocking to the conscience of the court. Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255. The trial court was entitled to disbelieve appellant's testimony and to accept the testimony of his trial counsel. *Harrison* v. *State* (1973), 155 Ind. App. 231, 292 N.E.2d 612." (Emphasis supplied). Also see *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219.

The evidence against Ferguson was overwhelming. The trial court could, and did, disbelieve his testimony belittling the efforts of counsel, and believed counsel's testimony as to his conferences with his client and the extent of his investigation. This representation was more than perfunctory and satisfies our judicial conscience that Ferguson was adequately represented.

Ferguson does not specify what feats of legal legerdemain he expected counsel to perform.

Another recent Indiana Supreme Court case is pertinent:

> "As we noted in the case of *Lowe* v. *State* (1973), 260 Ind. 610, 298 N.E.2d 421, in our view, there are, realistically speaking, some cases that just cannot be won simply because the evidence and witnesses against an accused are so overwhelming as to approach irrefutability. . . . The attorney engaged in a recognized and well-accepted procedure in attempting to reduce the penalty that his client would have to suffer upon conviction. Appellant's constitutional rights were not violated in any way as a result of his attorney's

efforts to accomplish this goal on behalf of his client."
*Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656.

The evidence most favorable to the State indicates that
Ferguson's appointed counsel in addition to independent in-
vestigation met with his client at least three times prior to
the guilty plea hearing. The actions of the attorney were en-
tirely consistent with sound defense strategy.

The denial of Ferguson's Post-Conviction Petition is hereby
affirmed.

Sullivan and White, JJ., concur.

NOTE.—Reported at 301 N.E.2d 382.