ROBERT PAYNE *v.* STATE OF INDIANA.

[No. 1070S239. Filed October 4, 1973.]

*Ronald C. Smith,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.*—This is an appeal from a denial of post-conviction relief ordered by the Lake Criminal Court. In August, 1962, appellant was charged by affidavit with the crime of inflicting an injury in the perpetration of a robbery. The cause was set for trial and pauper counsel was appointed for appellant. In September, 1962, appellant entered a plea of guilty, and was sentenced to life imprisonment. In May, 1970, appellant filed his petition for post-conviction relief pursuant to PCR 1 with the Lake Criminal Court. A full hearing was had on the petition at the conculsion of which the trial court denied relief. A motion to correct errors was timely filed and denied. This appeal followed.

---

* This case was assigned to this office August 28, 1973.

The appellant, both in his petition for post-conviction relief and on appeal, argues that his sentence should be modified and/or vacated for the following reasons:

1. Appellant was denied his right to effective counsel.

2. Appellant was held incommunicado in a hospital and prohibited from being seen by his family or by counsel for twenty-four (24) days after his arrest. During this period of time, statements were allegedly taken from him by police officers, which were subsequently used to induce his guilty plea.

3. Appellant's guilty plea was not knowingly and voluntarily given.

4. Appellant was not engaged in the robbery when the shooting occurred and hence, cannot be guilty of the crime charged.

PCR 1 § 5 provides that the "petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." The trial court, after a full hearing, concluded that the appellant had failed to satisfy the above-stated assigned burden. We, therefore, must review the evidence adduced at the post-conviction proceeding and determine whether such a finding is sufficiently supported by the evidence.

The trial court made the following findings of fact:

"1. That in Lake County Criminal Court on September 7, 1962, the defendant and petitioner was sentenced to imprisonment for life by the Honorable John H. McKenna, Judge of said court. That after an examination and review of the transcript of the defendant's plea entered in said cause, the court finds that the defendant and petitioner's allegations under 7-a-1 not to be based on fact, and that the defendant had the benefit of, and was accorded, effective, competent counsel prior to and at the time of the entry of his plea of guilty in said cause.

"2. With respect to the allegations of 7-a-2 of the defendant and petitioner's petition, the court finds that the same is not based on fact. That due to the defendant's physical condition he was kept under police guard at St. Catherine's Hospital for medical treatment for a period of approxi-

mately twenty-four days, but that defendant was not denied the right to have the benefit of the services of an attorney during said period of time; that as a necessary precautionary measure, the defendant's privilege of having visits from members of his family was restricted and held to a minimum by police order.

"3. That after a review of the transcript of the defendant's plea, the court finds that the defendant's allegations under 7-a-3 not to be based on fact, that the defendant was fully and properly advised of his constitutional rights and entered his plea freely, knowledgeably and without coercion, and with full knowledge of the consequences thereof.

"4. That a review of the record shows that the defendant's allegations under 7-b not to be based on fact, and that at the time of the infliction of the injury which defendant was convicted of, said robbery was still in progress, and that the defendant was at said time attempting to flee from the scene of said crime, which by his own admission under oath he had participated in."

Section 13 of the Indiana Constitution guarantees a criminal defendant the right to counsel. Furthermore, this Court has long held that an accused has the right to be *effectively* represented by counsel. *Castro* v. *State* (1925), 196 Ind. 385, 147 N. E. 321; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; *Thomas* v. *State* (1969), 251 Ind. 546, 242 N. E. 2d 919. An accused is entitled to an adequate defense whether the attorney is appointed by the court or retained by the accused. *Wilson, supra.*

The issue, therefore, in the case at bar, is whether or not the accused was afforded competent, effective counsel.

There are no precise rules regarding the adequacy of legal representation; each case must be judged on the basis of the facts attendant thereto. *Thomas* v. *State, supra.* However, there are some general procedural principles which guide a reviewing court.

Trial counsel is presumed to be competent. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N. E. 2d 418. This presumption can be overcome only if it can be established that what the attorney did or failed to do made the

proceedings a mockery and shocking to the conscience of the court. *Haddock* v. *State, supra.*

The record discloses the following facts:

Appellant testified that counsel conferred with him for approximately ten minutes on the morning of September 10, 1962, for approximately ten to fifteen minutes that afternoon, and for five to ten minutes on September 11, 1962, prior to sentencing. The attorney testified that he was appointed September 6, 1972, and conferred with the appellant for approximately twenty minutes on September 7, 1962. He also conferred with the other two participants in the robbery. Appellant told his lawyer that he felt he was not guilty of inflicting an injury in the perpetration of a robbery. Counsel discussed the case with one of the police officers involved and learned the results of the police investigation. The prosecutor's office opened their files to him and he discussed the case with a deputy prosecutor for more than an hour. He researched the legal question involved in the Criminal Court library and again in the Circuit Court library.

As a result of his research, the attorney concluded that the evidence was sufficient to convict Payne of inflicting an injury in the perpetration of a robbery.

In his consultations with appellant, counsel asked appellant if he desired that a friend, at whose home he had stopped after the robbery and before the shooting of the policeman, be subpoenaed. He also advised appellant that if that friend were subpoenaed, there would be a possibility of her being charged with receiving stolen property. Appellant decided that he did not want the friend subpoenaed.

The attorney also advised appellant that if he decided to plead guilty to inflicting an injury in the perpetration of a robbery, he believed the charges of assault and battery, assault and battery with intent to kill, and robbery would not be pursued by the State.

On the morning the case was set for trial, counsel asked

the court to delay the trial until appellant's parents arrived. Upon their arrival, he conferred again with appellant and his parents. When asked what he wished to do, appellant said he would listen to the advice of his mother. His mother advised him to plead guilty.

From the above record, we are unable to discern any actions or inaction on the part of counsel which reduced the proceedings to a mere sham and mockery. Counsel made a conscientious effort to ascertain the relevant facts and law. Furthermore, he apprised the appellant of the relative merits of the appellant's position and of the consequences of a guilty plea. Appellant was informed that his case was weak, but that he had the option of either pleading guilty or going to trial. Counsel offered to subpoena a potentially key witness, but the appellant declined to have said witness called. We, therefore, hold that the appellant received adequate legal representation.

Appellant's contention that "alleged statements" were used to induce his guilty plea is nothing more than a bare allegation. These "statements" are not a part of the record before this court, nor is there any allegation or evidence as to how these "statements" were used to induce appellant's guilty plea. Appellant in his reply brief argues that he was confused as to the ramifications of his pleading guilty. He contends that there was confusion as to the penalty to be imposed. He attributes this confusion to incompetent counsel. Notwithstanding any confusion engendered by counsel (with which we do not necessarily agree, based on the record), there is no allegation or evidence that the trial court failed to adequately apprise the appellant of the charge and its consequences. In fact, appellant concedes that "the lower court fulfilled its duty in interrogating the [appellant]." We interpret this to mean that the appellant was fully advised by the trial court and subsequent thereto, voluntarily and knowingly, entered his guilty plea. Any confusion which may have existed prior to the judge's interrogation was apparently

eradicated and, therefore, we are unable to understand how appellant's guilty plea was given unknowingly.

Appellant's third argument—that his guilty plea was not given knowingly and voluntarily—suffers from the same legal infirmities. It *presumes* a coercively obtained guilty plea without any showing whatsoever of coercion.

Finally, appellant contends that "material facts" existed and should have been brought to the attention of the court at the time the original "trial" took place. To begin with, there was no trial; the appellant knowingly and voluntarily pled guilty. Moreover, pauper counsel was fully aware of the alleged evidence of material facts, and upon a reasonable investigation of the law, concluded that those facts undermined rather than strengthened appellant's position. Appellant, at the time he pled guilty, was fully aware of the facts and was advised by counsel of their legal significance.

For all the foregoing reasons, the trial court's denial of post-conviction relief is hereby affirmed.

Affirmed.

Arterburn, C.J., DeBruler, Givan, and Prentice, JJ., concur.

NOTE.—Reported in 301 N. E. 2d 514.