DONALD R. HUGHLEY *v.* STATE OF INDIANA.

[No. 2-273A42. Filed March 6, 1974.]

*Harriette Bailey Conn, [Mrs.]*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

SULLIVAN, P.J.—In 1971, appellant Hughley pled guilty to possession of marijuana. He was sentenced to imprisonment for not less than two nor more than ten years, which sentence was suspended. A subsequent probation violation also in 1971 resulted in execution of the two to ten sentence.

Hughley's appeal is from a denial of a 1972 Post Conviction Relief Petition. He asserts and argues as error the trial court's finding that:

"Petitioner has failed to prove by a preponderance of the evidence that he did not plead guilty to the Crime of Violation of the 1935 Narcotics Act freely, willingly, intelligently, voluntarily and knowingly."

Appellant argues that his guilty plea was not entered knowingly or understandingly because at his guilty plea hearing he was not apprised of the elements of the crime necessary to be proved by the State and he was not advised as to the nature of the punishment imposable.

The burden of proof is upon the petitioner with respect to matters asserted upon Post Conviction Relief Petitions. Rule PC 1 § 5; *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418; *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872; *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803.

Not only has Hughley failed in the carrying of his burden, he presents a record which preponderates in favor of the contrary determination made by the trial court.

The dialogue between the court and Hughley at the guilty plea hearing includes the following as pertinent to appellant's contentions:

"Q. The reason for that is, that it would be up to the State of Indiana, through the office of the Prosecuting Attorney, to go ahead with the evidence and to prove beyond a reasonable doubt that you did everything they say you did here in this indictment, which is the formal charge against you. Do you understand that?

"A. Yes.

Q. In other words, the State would have to do all of the proving in the case, you wouldn't have to do any of it. Do you understand that?

A. Yes."

\* \* \*

"Q. This indictment, which is the formal charge against you, says that on December the twelfth, 1970, here in Marion County you had in your possession and under your control a certain narcotic drug, namely: Mari-

juana, a derivative of Cannabis, and that you were not authorized by any law of the United States nor of this State to have that narcotic drug in your possession. Now do you understand that this is the charge to which you are pleading guilty?

A. Yes."

\* \* \*

"Q. Do you understand the charge to which you are pleading guilty?

A. Yes.

Q. And what is that?

A. Violation of the 1935 Narcotics Act.

Q. Violation of the 1935 Narcotics Act; more specifically, unlawful possession of a narcotic drug. Do you understand that?

A. Yes, I do.

Q. Do you understand what the penalty is for that crime?

A. Yes.

Q. And what is that?

A. Two to ten.

Q. It calls for imprisonment for not less than two years no more than ten years. Do you understand that?

A. Yes."

Appellants contentions are wholly without merit.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 307 N.E.2d 521.