JAMES LEE DANIELS *v.* STATE OF INDIANA.

[No. 2-873A174. Filed June 27, 1974.]

---

5. See Rule TR. 59.

*Harriette Bailey Conn [Mrs.]*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *David A. Miller*, Deputy Attorney General, for appellee.

SULLIVAN, P.J.—In appealing from denial of post conviction relief, Daniels asserts that his 1969 robbery conviction was erroneous in that he was not adequately represented by competent counsel. It is Daniels' appellate position that trial counsel failed to expend adequate time and effort in investigation and preparation for trial in that his attorney consulted with him only briefly before trial. The record reflects as per Daniels' testimony in the post conviction proceedings that his

attorney spoke with him just prior to arraignment, albeit very briefly and just prior to trial. The post conviction hearing process extended over three separate hearing days between November 1972 and March 1973. At no time was Daniels' trial attorney present to offer his testimony with respect to the extent of his trial preparation or his consultation with the client.

It is the contention of Daniels that the lack of consultation resulted in his attorney's failure to adequately challenge allegedly improper identification of Daniels as a participant in the robbery.

In denying post conviction relief, the court below found insofar as pertinent:

"6. Petitioner has not shown by a preponderance of the evidence that counsel representing Petitioner at trial incompetently or inadequately represented him at any time during the trial or the prior proceedings.

\* \* \*

"8. Court further finds that the defendant had an attorney at all stages of the proceedings and never informed the attorney of the matters he raises in his Petition for Post Conviction Relief.

\* \* \*

"10. Court further finds that the evidence of the joint trial of the defendants Daniels and Cowherd and the matters contained in their appeal was decided in the cases of the State of Indiana vs. Cowherd in the Indiana Supreme Court which affirmed this Court."

With respect to the latter findings, Daniels points out that he was not a party to the appeal of his co-defendant Cowherd and that the Supreme Court decision in that matter is not determinative of the issues herein presented.

It is readily apparent that testimony from Daniels' trial counsel could well have enlightened the entire post-conviction process. Counsel, however, did not testify at any of the post conviction hearings despite the fact that the trial court specifically alluded to the desirability of such testimony. Although

the court, in its remarks at the first hearing conducted November 6, 1972, erroneously appeared to place the burden of bringing forth such testimony upon the Public Defender, the fact remains that the Prosecutor was clearly apprised of the strong desirability of having such evidence presented from Daniels' trial counsel.[1] Furthermore, the prosecutor had more than ample opportunity to secure such evidence since on February 23, 1973 the court granted a new trial upon Daniels' post conviction petition and the matter was resubmitted for hearing and evidence on March 16, 1973. At that time, after the petitioner Daniels rested his case in chief, the prosecutor stated: "State has nothing to offer." Thus, in neither of the evidentiary hearings conducted did the prosecutor offer any evidence in rebuttal of Daniels' claim.

We cannot surmise what Daniels' trial counsel might have said if called to testify. We cannot assume that he would controvert Daniels' testimony with respect to the virtual absence of consultation or discussion concerning Daniels' defense. We have access only to the self-serving, but unrebutted testimony of Daniels as to those facts.

The issue for our determination is then, whether the evi-

1. The exchange between the Court and the Deputy Public Defender was as follows:

"MR. FREUND: I don't have any other witnesses.
THE COURT: Don't you think it's your duty to bring [Daniels' trial counsel] in here, and see if it's true, since you're impugning his character, his ability and everything else? Don't you think the burden's on the State Public Defender to bring the fellow in, who you've maintained didn't do a good job? Don't you think that's the State Public Defender's job to do? You've raised the question about every lawyer being no good. Every Petition for Post Conviction Relief is impugning the character, and the honor, and the ability of every lawyer, who represents them. It's getting so, no lawyer wants to represent anybody anymore, because the State Public Defender is saying that they are no good.

\* \* \*

"THE COURT: No, there has to be a stop to that, and I think that I'm going to ask the State Public Defender, when they impugn the character of a lawyer, that they bring in the lawyer to give him a chance to defend himself.
MR. FREUND: Your Honor, I think that rests on the prosecution. I don't think it's for us to bring in witnesses, who may be contrary to the petitioner. If the State wants to ..."

dence as to the minimal consultation between Daniels and his trial counsel overcomes the presumption that counsel has adequately represented his client. It is established that such presumption can be overcome only if it be shown that what the attorney did or did not do "reduced the trial to a mockery, sham or a farce." *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255, 258. In this respect, the post conviction petitioner bears the burden of proof by a preponderance of the evidence. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Hughley* v. *State* (1974), 159 Ind. App. 466, 307 N.E.2d 521.

Daniels contends that he has carried such burden and relies upon *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919, 924 as follows:

> " * * * we hold only that he (the public defender) must conduct a proper investigation of the defense as a basis on which to predicate his decision. *It is in the combination of the inadequacy of the investigation and the failure to present the requested defense* that we can and must find inadequate representation. Since the investigation was not sufficient, we are constrained to hold that the defense was more 'perfunctory' than actual." (Emphasis supplied.)

Minimal consultation with the client does not of itself render the representation merely perfunctory. Each case must be judged upon its own facts. *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514. Here, just as in *Tibbs* v. *State* (1973), 158 Ind. App. 485, 303 N.E.2d 294, there was no post conviction evidence of any specific defense which could be interposed nor of any witnesses which could be called to exonerate the defendant. The *Thomas* case is therefore of no aid to the assertion of Daniels.

The sole prejudice alleged by Daniels to have been occasioned by the minimal pre-trial contact between himself and his attorney is with respect to an identification of Daniels as a participant in the robbery and more particularly as to a pre-trial line-up identification procedure at which Daniels was not represented by counsel.

We first note that the pre-trial identification procedure complained of took place the morning after Daniels' arrest and before formal charges had been made against him. Daniels asserts that he requested that counsel be present. It is clear that the line-up took place before the formal criminal process had begun and that therefore the right to counsel had not yet attached. *Kirby* v. *Illinois* (1972), 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411; *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667 (transfer denied).

More to the point, we are unable to say that the vague and unsupported allegation of Daniels as to erroneous pre-trial identification procedures, even if meritorious, would have affected the outcome of the trial. As stated in *Fulks* v. *State* (1970), 255 Ind. 81, 262 N.E.2d 651, 653, reversal is not required:

> ". . . if it is clearly demonstrated that notwithstanding irregularities in pre-trial lineup there is positive in-court identification of the accused, which identification in no way depends upon observations made of the accused during the improper lineup."

More recently in *Ballard* v. *State* (1974), Ind. App., 309 N.E. 2d 817, 822, we noted:

> "There is an abundance of Indiana cases holding that reversible error will not exist if a witness's in-court identification of an accused is supportable by a factual basis which is independent of allegedly erroneous pre-trial identification procedures. *Sawyer* v. *State* (1973), [260] Ind. [597], 298 N.E.2d 440; *Lindsey* v. *State* (1973), [260] Ind. [351], 295 N.E.2d 819; *Hendrickson* v. *State* (1973), [260] Ind. [401], 295 N.E.2d 810; *Stephens* v. *State* (1973), [260] Ind. [326], 295 N.E.2d 622; *Cody* v. *State* (1972), [259] Ind. [570], 290 N.E.2d 38; *Emerson* v. *State* (1972), [259] Ind. [399], 287 N.E.2d 867; *Dillard* v. *State* (1971), 251 Ind. 282, 274 N.E.2d 387; *Rhodes* v. *State* (1972), [154] Ind. App. [594], 290 N.E.2d 504."

We thus fail to see that even had Daniels' counsel made inquiry concerning the pre-trial line-up identification, such would have changed the outcome.

At the robbery trial itself, Daniels' counsel cross-examined the prosecuting witness with respect to his ability under the circumstances and at the time the robbery took place to properly identify Daniels as one of the perpetrators. The witness nevertheless made such identification in positive terms.

Daniels is correct in his contention that the holding of our Supreme Court in *Cowherd* v. *State* (1970), 253 Ind. 693, 256 N.E.2d 679, which affirmed the conviction of Daniels' compatriot in the robbery, does not preclude his assertion here since Daniels was not a party to that appeal. The *Cowherd* decision is nevertheless of dramatic import to Daniels' claim since the Supreme Court therein considered the very evidence which convicted Daniels and held such to be sufficient as to Cowherd. More particularly, the court specifically noted that:

> "As to the identification of appellant, the witness testified on both direct and cross-examination that he had gotten a good look at *both* of the men who accosted him." 253 Ind. 693, 696.

The in-court identification of Daniels was sufficient evidence as to that element of the case to support the robbery conviction. Consultation between Daniels and his attorney with respect to that issue would have gained Daniels nothing.

Daniels offers no other suggestion of exonerating evidence known by him, which would have aided in his defense if communicated to his attorney.

The evidence adduced by Daniels at his post conviction hearings though unrebutted, does not compel an inference that more extended consultation would have produced any tenable defense or any exonerating testimony which would have changed the outcome of the trial. Such evidence does not compel a legal conclusion that the minimal contact between his attorney and himself prior to trial so prejudiced him as to require reversal of the conviction *Love* v. *State* (1974), 159 Ind. App. 270, 306 N.E.2d 142; *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418; *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219; *Hoskins*

v. *State, supra; Tibbs* v. *State, supra; Ferguson* v. *State* (1973), 157 Ind. App. 696, 301 N.E.2d 382 (guilty plea).

Daniels has thus failed to demonstrate by a preponderance of the evidence his entitlement to post conviction relief.

Accordingly the judgment is affirmed.

Buchanan, J., concurs; White, J., dissents with opinion.

### DISSENTING OPINION

WHITE, J.—Petitioner testified that he had *no* chance to talk to his court appointed attorney except briefly in the courtroom at the arraignment; that at that time the attorney "just told me he was my lawyer and so forth, so on" and never asked him anything about his case. At no time did he have an opportunity to tell him about the prosecuting witness testifying differently in Criminal Court than in Municipal Court as to who robbed him nor to tell him anything else about the case.

The prevailing opinion puts Daniels' complaint too mildly when it speaks of "Daniels' testimony with respect to the virtual absence of consultation or discussion concerning Daniels' defense" or of "the minimal consultation between Daniels and his trial counsel." It is Daniels' testimony that there was *no* consultation and his testimony is all that we have.[1]

Limited as we are, and as was the trial court, to petitioner's testimony, the conclusion is inescapable that petitioner was denied (by the court appointed attorney himself) his basic constitutional right to counsel.

In *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N.E. 773, the denial was by the jailer and the court, but the principle is the same. There the court said:

"It has been held that a constitutional right to be heard by counsel is not limited to the right to be heard by

---

1. We do have in the record a transcript of the trial testimony. The direct and cross examinations conducted by Daniels' court appointed attorney belie no prior knowledge of the case.

counsel at the trial, but that the spirit of the provision contemplates the right of accused to consult with counsel at every stage of the proceedings. *People, ex rel.* v. *Risley* (1883), 66 How. Pr. (N.Y.) 67; *State* v. *Moore* (1900), 61 Kan. 732, 60 Pac. 748. In the case first cited the court said: 'Perhaps the literal letter of the constitutional provision would be complied with by allowing to the accused the benefit of counsel upon the "trial," but such a construction would illustrate the truth of that part of the old legal maxim which declares: "The letter killeth," and disregard its conclusion, "while the spirit giveth life." Undoubtedly the clause of the Constitution under consideration was adopted to secure to the accused person all the benefits which could flow from the employment of counsel to conduct his defense; and to give him those it is essential that he should be allowed to consult with his counsel not only during the actual trial, but prior thereto, in order to prepare for his defense. Where a right is conferred by law, everything necessary for its protection is also conferred, although not directly provided for. The privilege of the presence of counsel upon the trial would be a poor concession to the accused if the right of consultation with such counsel prior to the trial was denied. To give life and effect, therefore, to the provision of the Constitution under consideration, it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the trial.'

"There can be little doubt, under the facts disclosed in this case, that appellant was denied the right to be heard by counsel as guaranteed by the letter and the spirit of our state Constitution. There is nothing to show that appellant waived this right. . . . The denial of a constitutional right to a person prosecuted for a crime is *prima facie* prejudicial. . . .

"Where it appears on appeal from a judgment of conviction in a criminal case that the defendant has been denied a right guaranteed by the Constitution, such showing requires a reversal, *unless the record clearly shows that the right was waived or that no injury could have resulted to the accused by reason of such denial.* (Id. at 76. My emphasis.)

\* \* \*

"It is suggested that the motion for leave to withdraw the plea and to be permitted to plead not guilty does not

allege that appellant was innocent of the crime charged or that the crime was committed under such circumstances as would not justify the infliction of the extreme penalty of the law. *The burden of making such a showing did not rest on appellant; it is enough for him to show that he was denied a right to which he was entitled under the Constitution.* Our law is no respector of persons. The rights of just and upright citizens are not more sacred in the eyes of the law than the rights of the poorest and meanest citizens of the state. The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent. The court cannot give its sanction to the conviction of any person accused of crime where the proceedings on which the judgment is based show the denial of a right to which the defendant was entitled under the Constitution. Such judicial sanction, in any case, would destroy the efficacy of the constitutional safeguards to protect the rights of all citizens of the state." (Id. at 84. My emphasis.)

Unfortunately most of the Public Defender's argument on appellant Daniels' behalf is couched in terms of the alleged incompetency of counsel and the alleged inadequacy of his representation. This makes plausible the prevailing opinion's dual thesis that (1) the presumption of competency has not been rebutted and (2) that Daniels has failed to sustain his burden of showing harm. In cases in which the convicted defendant's complaint against his trial counsel involves merely trial tactics (what the attorney did or failed to do during the trial) he quite properly must discharge those burdens in order to make a case for relief. But to charge Daniels with either of those burdens when his complaint is that he was denied the right of pre-trial consultation with his assigned trial counsel is to misconceive the basic, fundamental nature of the constitutional right denied him.

Certainly if Daniels had gone to trial without having any attorney present and representing him (and without having waived that right) no lawyer or judge would suggest that he would not be entitled to relief from a conviction unless he could show harm. The right to counsel with his attorney

prior to trial is no less a right and its denial is no less fatal to a conviction. *Batchelor* v. *State, supra.*

I would reverse.

NOTE.—Reported at 312 N.E.2d 890.