WILLIAM G. JOHNSON *v*. STATE OF INDIANA.

[No. 974S185. Filed November 24, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Douglas W. Meyer*, Deputy Attorney General, for appellee.

GIVAN, C.J.—This is an appeal from a denial of Appellant's post-conviction relief wherein he attacked his conviction for first degree murder upon which a life sentence was imposed.

The record shows the following facts: On December 6, 1957, indictment was filed against Appellant for the first degree murder of Ruth Johnson. On December 9, 1957, Barrie C. Tremper was appointed counsel for defendant. On December 16, 1957, Appellant waived arraignment and plead

not guilty. On February 20, 1958, Appellant appeared in person and by counsel and withdrew his plea of not guilty, was arraigned and entered a plea of guilty as charged. The trial court heard evidence and found defendant guilty as charged and sentenced him to the Indiana State Prison for life.

Appellant presents 3 issues for review: (1) The competency of trial counsel; (2) the alleged failure of the trial court to establish a factual basis for the acceptance of the guilty plea; and (3) the form of the arraignment.

At the hearing Appellant testified that his court-appointed attorney visited him only 2 or 3 times prior to his change of plea. He stated that the first visit was approximately thirty to forty minutes. Another was ten to fifteen minutes. He was uncertain about Mr. Tremper's third visit with him. Appellant testified that during Mr. Tremper's visits "I told him as much about my case as I could tell him."

In an action under Indiana Rules of Procedure, Rule P.C. 1, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule P.C. 1, § 5; *Hoskins* v. *State*, (1973) 261 Ind. 291, 302 N.E.2d 499, 39 Ind. Dec. 388.

In cases challenging the competency of counsel, each case will stand on its own merits. *Shack* v. *State*, (1967) 249 Ind. 67, 231 N.E.2d 36, 11 Ind. Dec. 713. There is, in every case, a rebuttable presumption that the trial counsel was competent. *Haddock* v. *State*, (1973) 260 Ind. 593, 298 N.E.2d 418, 37 Ind. Dec. 400. It is Appellant's position that this presumption was negated by evidence that his attorney only conferred with him 2 or 3 times and entered into plea negotiations. The record contains a transcript of the arraignment of the Appellant, showing he was specifically questioned concerning Mr. Tremper's consultation with him and was questioned as to whether or not he was satisfied with Mr. Tremper's representation, to which he

answered in the affirmative. There is nothing in the record in this case which would indicate Mr. Tremper's conduct to be such that the proceedings were a mockery and shocking to the conscience of the court. *Payne* v. *State*, (1973) 261 Ind. 221, 301 N.E.2d 514, 38 Ind. Dec. 732; *Haddock* v. *State*, *supra*. We hold that the Appellant failed in his burden of proof to demonstrate any incompetency on the part of Mr. Tremper.

Appellant next claims the trial court failed to establish a factual basis of guilt before accepting his plea of guilty. In support of his position he cities the case of *Thacker* v. *State*, (1970) 254 Ind. 665, 262 N.E.2d 189, 22 Ind. Dec. 668. In the *Thacker* case there was no transcript of the evidence received on the plea of guilty nor was there any evidence submitted by the State to rebut the petitioner's allegations. The only matter appearing in the record in the *Thacker* case was an order book entry merely reciting that upon arraignment the defendant had waived his right to be represented by counsel and that his constitutional rights were explained before he entered his plea of guilty. In the case at bar, there is a complete record of the arraignment before the trial court. That record is complete in that it shows a statement that the Appellant had conferred with his attorney, Barrie Tremper, that he had reviewed the indictment against him with Mr. Tremper, the indictment was then read to the Appellant in open court, which indictment succinctly states the facts leading to the charge. After the reading of this indictment, the Appellant stated that he wished to enter a plea of guilty to the charges read. The record also recites the fact that the judge heard additional evidence as to Appellant's guilt before receiving the plea. However, there is no transcript of such additional evidence; but the record which is before us does indicate the trial court made diligent and reasonable inquiry into the facts of the case, the competence of the Appellant at that time and the voluntary nature of his plea of guilty after first receiving counsel from his court-

appointed attorney. We, therefore, hold that at the time of sentencing the trial court, in every way, complied with the then Rule 1-11 of this Court and that the Appellant has wholly failed in his burden of proof of his allegations to the contrary.

Appellant's final contention is that the form used in obtaining the plea of guilty was improper. The procedure used in the case at bar was that the prosecuting attorney asked the defendant questions from a prepared form, and that the defendant's answers to those questions were filled in on the form in a space provided. Appellant here urges that this procedure did not conform strictly to the then Rule 1-11, and that it allowed the avoidance of procedural safeguards. In the recent case of *Williams* v. *State*, (1975) 263 Ind. 165, 325 N.E.2d 827, 46 Ind. Dec. 455, this Court stated:

> "A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the *record of the guilty plea proceeding* contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin*. Nothing we have said, however, may be interpreted as relieving the trial court of its absolute duty to decide, on the basis of evidence in the record before it, whether a defendant's plea is made voluntarily and understandingly." 325 N.E.2d at 833, 46 Ind. Dec. at 464 (emphasis supplied).

Regardless of who read the questions to the defendant, or the manner in which his answers were recorded, the fact remains that in the case at bar the Appellant was arraigned before the trial judge, at which time the required questions were asked and answers elicited. The transcript so obtained clearly demonstrates the trial judge discharged his duties under the then Rule 1-11. The Appellant has failed to produce evidence to the contrary.

The Appellant having failed in his burden of proof as to each of the alleged errors, the judgment of the trial court is affirmed.

Arterburn and Hunter, JJ., concur; DeBruler, J., concurs in result with opinion in which Prentice, J., concurs.

OPINION CONCURRING IN RESULT

DEBRULER, J.—I concur in the result, because I do not believe that Indiana required its trial judges to ascertain whether there was a factual basis for a guilty plea at the time of petitioner's plea in 1958. However, since *Brimhall* v. *State*, (1972) 258 Ind. 153, 279 N.E.2d 557, the trial judge has had the duty of ascertaining whether there was a factual basis. And, the requirement that the court refuse to enter judgment upon a plea of guilty "unless it is satisfied from its examination of the defendant that there is a factual basis for the plea" is now statutory. Ind. Code § 35-4.1-1-4(b), being Burns § 9-1205(b).

The State, in its brief, notes:

"Defendant was indicted for First Degree Murder in that he allegedly shot and killed one Ruth Johnson. Further facts concerning the murder are not contained in the record."

The indictment gives the date of the offense and uses the legal terms "purposely and maliciously and with premeditated malice" and notes the weapon, a rifle. The record reads further:

"Comes now the defendant . . . and the Court having heard the evidence and being duly advised in the premises, now finds that the said defendant, William G. Johnson is guilty. . . ."

Such a record does not satisfy the present statutory "factual basis" requirement. The form questions show that the indictment was read to the petitioner and that he responded affirmatively when asked, "Do you fully understand the charge or allegations contained in the indictment?" Such answer does not inform the *judge* of the circumstances surrounding the

defendant's conduct, nor does it assure the judge that the *defendant* understands what he is accused of doing.

> "The defendant may not completely understand what mental state and acts constitute commission of the offense charged, and it may be that his conduct is not as serious as that charged or that he has a valid defense to the charge." ABA Project on Standards for Criminal Justice, Pleas of Guilty § 1.6, at p. 31 (1968)

Because this guilty plea proceeding took place before *Brimhall* and our statute, Ind. Code § 35-4.1-1-4(b), I concur in the denial of this petition.

Prentice, J., concurs.

NOTE.—Reported at 337 N.E.2d 483.