CAPPS *v.* PEOPLE OF THE STATE OF INDIANA.

[No. 0-811. Filed October 30, 1967.]

*Delmar Allen Capps*, pro se.

*John J. Dillon*, Attorney General, for the Respondent.

ARTERBURN, J.—The petitioner has filed a petition for a writ of certiorari under Rule 2-40A of this Court. The matter was referred to the Public Defender, who reported he found no grounds for supporting such a petition.

The petitioner claims that he did not knowingly waive a right to trial by jury. It appears that the petitioner, at the time of his arraignment, had an attorney appointed to advise him at his side. He was forty-two years old and a twice-convicted felon at the time of his arraignment. He undoubtedly knew his way around in a court room and that he could have a jury trial if he wanted one. It is hard to believe that this defendant was taken advantage of as an innocent, unsuspecting and uninformed person at the time he was arraigned and did not know he could have a jury trial, with his attorney standing at his side. We have to make the assumption that since counsel was appointed, counsel performed his duties. In my opinion, the petitioner made an understanding waiver of his right to a jury trial without the judge perfunctorily telling him he had a right to a jury trial at the time he was arraigned.

We have to be realistic about these matters and we do not believe any of the petitioner's constitutional rights were infringed upon. The constitution does not say the arraignment has to inform every defendant in every case that he has a right to a jury trial, especially if he has counsel standing at his side whose duty it is to advise him as to his rights. In such a situation, the court cannot become also counsel for the defendant.

The petition is denied.

Hunter, C. J., and Jackson and Mote, JJ., concur.

Lewis, J., dissents.

NOTE.—Reported in 230 N. E. 2d 544.