CHARLES ANNESS *v.* STATE OF INDIANA.

[No. 1070S260. Filed May 3, 1971. Rehearing denied June 21, 1971.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HUNTER, J.—On June 4, 1970, an indictment was filed in the Criminal Court of Marion County charging appellant with a violation of the 1935 Firearms Act. Upon a plea of not guilty, trial was had before the court and appellant was found guilty as charged; sentence was to the Indiana Reformatory for a period of three [3] years. Appellant's motion to correct errors, filed pro se, was overruled and this appeal follows.

A review of the facts favorable to the state discloses: on or about July 4, 1969, appellant went to the home of one John Miller at 1146 Gimber Street in Indianapolis to see Miss Judy Jackson, a resident at that address. Appellant had a pistol in his possession and the record indicates that he fired at least one shot before entering the Miller residence. Upon entering the house he displayed the pistol and proceeded to cause a general disturbance; there were approximately five or six persons present at the time. Appellant was repeatedly asked to leave but refused to do so and stayed about an hour. During that time the police were called and when they arrived at the dwelling appellant was told to leave; just prior to the arrival of the police, appellant hid the pistol underneath the television set. Upon appellant's departure, the police were informed of the pistol and appellant was immediately apprehended and placed under arrest.

Appellant challenges his conviction in two respects, his first contention being that there was insufficient evidence to support the verdict, it therefore being contrary to law. The essence of appellant's argument in this regard is that the state failed to

call all persons present at the time of the alleged offense in proof of its case and that the testimony of the two witnesses testifying was insufficient as a matter of law to sustain the conviction. We cannot agree. Both John Miller and Judy Jackson unequivocally stated at the trial that appellant was in their home with a pistol in his possession which they saw him eventually hide under the television set. The arresting officer testified that he personally saw appellant sitting next to the television set when he initially entered the house and that he later retrieved the pistol from its hiding place. Further testimony indicated that appellant was not licensed to carry firearms on the date of the offense. Clearly there was sufficient evidence in support of the court's verdict.

Nor can the verdict be assailed on the ground that the state failed to call all witnesses present at the time of the offense. The state is under no such obligation, *Langley, Richardson* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538; *Denton* v. *State* (1965), 246 Ind. 155, 203 N. E. 2d 539; *Keller* v. *State* (1890), 123 Ind. 110, 23 N. E. 1138, and in any event a criminal defendant is provided compulsory process and may call such witnesses as his own. *Denton* v. *State, supra; Keller* v. *State, supra.*

Appellant next contends that his constitutional right to trial by jury, as guaranteed by Art. 1, § 13 of the Indiana Constitution, was violated notwithstanding the fact that he signed a written waiver of the right prior to trial and notwithstanding the fact that he was at all times represented by counsel. The only basis for this contention is that appellant apparently possesses a low I.Q. and failed to comprehend the consequences of his waiver. From the record it would appear, however, that appellant is no stranger to the judicial process, he having been twice convicted of felony charges on previous occasions and arrested approximately twenty times since 1961. Having been adequately advised of his rights and having been competently assisted by counsel, we are not prepared to say that appellant's waiver was ineffective

solely on the grounds urged. See *Capps* v. *State* (1967), 248 Ind. 678, 230 N. E. 2d 544.

From the foregoing it is clear that the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 269 N. E. 2d 8.