JACKIE KELLY *v*. STATE OF INDIANA.

[No. 971S256. Filed October 19, 1972.]

Mrs. *Harriette Bailey Conn*, State Public Defender, *David J. Colman*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

GIVAN, J.—This is an appeal from a final judgment denying a petition for post-conviction relief. In his petition the appellant alleged three separate claims for relief:

No. 1) The pistol involved was a blank pistol, therefore not within the prohibitions of the 1935 Firearms Act;

No. 2) Appellant's trial counsel was incompetent, and;

No. 3) Appellant's plea of guilty was not intelligently, freely and knowingly entered.

The record in this case discloses the following:

On January 14, 1970, the appellant and one Eugene Carter were charged by affidavit with the offense of robbery, to which they originally entered pleas of not guilty. Robert E. Hughes represented both defendants in his capacity as public defender.

On June 22, 1970, the State filed a second count as to Appellant Kelly alleging a violation of the 1935 Firearms Act. Kelly in the presence of his attorney waived arraignment and entered a plea of guilty to this second count.

Witnesses were sworn and evidence heard prior to the acceptance of appellant's plea of guilty. After hearing the evidence, advising the appellant and ascertaining that the appellant had been properly advised during every stage of the proceedings, the trial court accepted the plea of guilty.

On July 2, 1970, following a pre-commitment investigation, the appellant was sentenced to the Indiana State Reformatory for a determinate period of eight years. On August 14, 1970, the appellant filed his petition for post-conviction relief.

Under the IND. RULES OF PROC. PC 1(E), the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.

Appellant first claims the trial court erred in finding that he failed to prove that the pistol in question was a blank pistol. In an attempt to sustain his allegation, the petitioner testified that the purported firearm involved was a blank gun. There was also testimony by a police officer that although he had not seen the weapon, a police report described it as a "chrome plated, twenty-two caliber revolver, eight shot blank gun." The trial court incorporated the transcript of the original proceeding. Included in this transcript was testimony of the arresting officer, who described the weapon as a "twenty-two caliber, eight shot revolver, serial number B/boy 56592 with four live cartridges in it." The officer further identified the gun as the one taken from the appellant at the time of his arrest. The trial judge examined the pistol which the appellant acknowledged to be his. It was the trial judge's determination upon the examination of the pistol that it was not a blank revolver. We, therefore, hold that not only did appellant fail in his burden of proving that the gun was a blank gun, but there is ample evidence in this record to affirmatively establish that it was in fact a gun capable of discharging live ammunition.[1]

Appellant next claims the trial court erred in finding that he had failed to prove that his defense counsel was incompetent and represented him in an inadequate manner. This Court has previously held:

". . . . There is presumption that counsel appointed or accepted by the court to represent the defendant is competent. Hathaway v. State (1968), 251 Ind. 374, 241 N. E. 2d 240; Langley v. State (1968), 250 Ind. 29, 232 N. E. 2d 611, cert. den. 393 U.S. 835, 89 S. Ct. 110, 21 L. Ed. 2d 106. This presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the con-

---

1. In so holding we are not passing on the question as to whether or not a gun which fires blanks comes within the prohibitions of the 1935 Firearms Act. This Court has held that a tear gas gun, even when not loaded, is a firearm; and its use in an attempted robbery is a violation of BURN'S IND. STAT. ANN., 1972 Supp., § 10-4709—Commission of crime while armed. See *Asocar* v. *State* (1969), 252 Ind. 326, 247 N.E. 2d 679, 17 Ind. Dec. 573.

science of the court. See, Slawek v. United States, 413 F. 2d 957 (8th Cir. 1969)." *Robbins* v. *State* (1971), 257 Ind. 273, 274 N. E. 2d 255, 258, 27 Ind. Dec. 293.

Appellant testified that his attorney erred in three respects:

1) That he misadvised him as to the possible penalty for conviction of robbery.

2) That Mr. Hughes attempted to solicit a fee for representation as a private attorney after he had been appointed as a public defender.

3) That his attorney assured him that some time subsequent to his plea of guilty to a violation of the 1935 Firearms Act he would be freed because the gun involved was a blank gun.

The appellant testified that Hughes told him the penalty for robbery was five to thirty years when it was actually ten to twenty-five. Mr. Hughes testified that he advised the appellant of the penalty as stated in BURN'S IND. STAT. ANN.

Mr. Hughes further testified that he never approached the appellant in regard to employment as private counsel. He testified that both the appellant and his co-defendant had inquired as to the cost of employment of private counsel. Mr. Hughes quoted the suggested minimum bar fee. Mr. Hughes also denied that he had advised the appellant to plead guilty and then file a petition for post-conviction relief on the grounds that a blank pistol was used. Thus, there is substantial evidence from which the trial court could determine that appellant's accusations as to the conduct of his trial were untrue, and that counsel had conducted himself in a competent and proper manner.

Appellant lastly claims the trial court erred in finding that he had failed to prove that he did not knowingly, freely and intelligently enter his plea of guilty. Appellant contends that his plea of guilty was the result of bargaining. In *Dube* v. *State* (1971), 257 Ind. 398, 275 N. E. 2d 7, 27 Ind. Dec. 600, this Court recognized the value of proper plea bargaining. Such practice is to be encouraged

so long as the plea of guilty is voluntary, and the defendant clearly understands the consequences of his plea. The record in this case discloses that prior to accepting appellant's plea the trial judge carefully examined the appellant as to the freedom and knowledge with which he was entering his plea. In response to the trial judge's questioning, the appellant stated he understood that he could have a trial by jury, if he so chose; that the State would have to prove him guilty beyond a reasonable doubt; that he could have an attorney at all stages through trial and appeal, and that such counsel would be furnished free of charge if he did not have funds to hire one. Appellant stated to the trial judge that he understood the possible sentence he could have been given and stated that after talking it over with his attorney, he thought it was in his best interest to plead guilty. After appellant had entered his plea of guilty of violation of the 1935 Firearms Act, the robbery count was dropped. Appellant admitted on his hearing on post-conviction remedy that he took this factor into consideration when he entered his plea of guilty.

We find nothing in the record in the case at bar which would indicate that appellant was not knowledgeable and exercising his own free choice when he entered his plea of guilty. In fact, there is ample affirmative evidence that his plea of guilty was entered knowingly, freely and understandingly.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 872.