# FRENCH CHESTER TIBBS v. STATE OF INDIANA.

[No. 472A196.  Filed November 15, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Stephen J. Cuthbert*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by Petitioner-Appellant French Chester Tibbs (Tibbs) from denial of his Petition for Post-Conviction Relief pursuant to Rule P.C. 1, claiming denial of due process, incompetent counsel, and lack of a knowing and intelligent waiver of his right to trial by jury.

We affirm.

## FACTS

The facts and evidence supporting Tibbs' conviction are:

On July 25, 1969, Tibbs was arrested by police and charged with Robbery.[1] The next day a preliminary hearing was held after which Tibbs was incarcerated pending indictment. Tibbs neither requested nor was he provided counsel at these initial stages in the proceedings.

Tibbs was subsequently indicted and charged as a principal with the crimes of (1) Robbery, and (2) Inflicting Injury During the Commission of Robbery. On October 16, 1969, when Tibbs first appeared before the trial court, a pauper attorney (Counsel) was appointed to represent him. On the same day, Tibbs waived arraignment and entered a plea of Not Guilty to the crimes charged.

Court trial was held on November 7, 1969. During this interval of three weeks, Counsel conferred briefly with Tibbs and investigated the facts of the case by talking with Prosecution officials, police officers and State's witnesses.

At the Post-Conviction Hearing, Tibbs testified that prior to trial he had asked Counsel to contact several witnesses who were near the scene of the crime. None of these potential defense witnesses testified at the hearing, nor did Tibbs demonstrate in what manner their testimony would have benefited his defense.[2]

Counsel testified at the Hearing that he could not recall if anyone involved at the scene of the robbery, apart from the State's witnesses, were interviewed prior to trial.

At the trial Tibbs, accompanied by counsel, waived his right to trial by jury as shown by this excerpt from the record:

1. The facts surrounding the robbery are summarized in *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N.E.2d 728, and therefore are not included in this opinion.

2. One such witness was produced by Tibbs at the Hearing, but refused to testify on the ground that his testimony would tend to incriminate him.

THE COURT: Does he want a jury trial, twelve people, Mr. ———?

COUNSEL: I believe he does not. Is that correct?

MR. TIBBS: Yes.

COUNSEL: Yes, you don't want one?

MR. TIBBS: No, I don't.

COUNSEL: No, he does not want a jury.

THE COURT: Let me talk to him in english. Mr. Tibbs, you're 20 years old. Can you hear me?

MR. TIBBS: Yes, sir.

THE COURT: Do you know what a jury is?

MR. TIBBS: Yes.

THE COURT: Twelve people sit over there. We run those policemen away and put in citizens, you understand.

MR. TIBBS: Yes.

THE COURT: And they hear your case instead of a judge. Do you want that?

MR. TIBBS: No, sir.

THE COURT: Does the State want a jury?

PROSECUTOR: No, Your Honor.

THE COURT: Alright, submitted to the Court on plea of not guilty heretofore entered, . . .

At the time of this waiver, Tibbs was 20 years old, had not completed high school, and had been previously convicted of one felony and two misdemeanors.

At trial, the State presented three Witnesses, each of whom testified to seeing Tibbs and others attack and rob the victim. Counsel vigorously cross-examined these witnesses in an effort to impeach their ability to observe and identify Tibbs as a participant in the crime.

Counsel then unsuccessfully moved to discharge at the close of the State's evidence on the ground that the evidence failed to prove his guilt. The defense rested without calling any witnesses.

At the Post-Conviction Hearing, Counsel testified that, to the best of his knowledge, he presented all witnesses Tibbs had told him to present.

Tibbs was found guilty by the trial court on both counts and was initially sentenced to life imprisonment. This sentence was modified by the Indiana Supreme Court in *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N.E.2d 728. Tibbs' conviction under Count 2 (Inflicting Injury) was reversed on the ground of insufficient evidence. Conviction under Count 1 (Robbery), however, was affirmed, the court holding that the evidence sustained his conviction as an accessory even though Tibbs had been charged as a principal.

Tibbs filed a Post-Conviction Relief Petition on August 12, 1971. Following the Hearing, on September 17, 1971, the trial court denied Tibbs' Petition. From this denial Tibbs appeals.

## ISSUES[3]

This appeal presents the following issues for our consideration:

ISSUE ONE.  Did Tibbs establish at the Post-Conviction Hearing that he had not been adequately represented at trial by Counsel?

ISSUE TWO.  Does the record show that Tibbs knowingly and understandingly waived his right to trial by jury?

ISSUE THREE.  Did Tibbs establish that he was denied due process because the indictment charged him as a principal instead of an accessory?

As to ISSUE ONE, Tibbs contends that because Counsel was not appointed prior to arraignment, *i.e.*, at the prelim-

---

3. Because the Prosecuting Attorney failed to raise the question of waiver of these issues which could have been assigned as error in the prior appeal of this case, we are obliged to consider these issues raised by Tibbs' Motion To Correct Errors. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, *LeFlore* v. *State* (1973), 157 Ind. App. 291, 299 N.E.2d 871.

inary hearing, Counsel did not have sufficient time (three weeks) to prepare a defense for the crimes charged.[4] In addition, Tibbs argues that Counsel did not make an adequate investigation of the case, conferred only briefly with his client, and failed to call witnesses which Tibbs allegedly requested, thus resulting in perfunctory representation.

The State responds that Tibbs failed to present any strong and convincing evidence at his hearing which would sustain his burden of proving such incompetency or lack of sufficient time to prepare a defense.

As to ISSUE TWO, Tibbs says the record fails to show a knowing and intelligent waiver of his right to trial by jury. Specifically, that Counsel took the initiative of waiving a jury trial, and that the trial judge did not explain to him that a jury trial was a constitutional right, that he could not be convicted unless all jurors concurred on his guilt beyond a reasonable doubt, and that the trial judge, alone, would decide guilt in the absence of a jury trial. Further, that he deserved these more explicit instructions because of his failure to finish high school and "too slight" knowledge of the judicial system, and his past criminal record is not sufficient to presume his knowledge of the waiver's consequences.

The State answers that the record shows adequate and careful questioning by the trial court warranting a finding that Tibbs knowingly waived his right to a jury trial.

As to ISSUE THREE, Tibbs claims denial of due process because he was charged under an indictment which did not

---

4. Tibbs does not specify in his Motion to Correct Errors or argue in his brief that failure to provide counsel at the preliminary hearing prejudiced him in any other manner; nor does he contend that his Sixth Amendment rights have been violated. Since the date of Counsel's appointment was raised and argued solely to demonstrate that Counsel had insufficient time to prepare a defense, it will be discussed herein along with other grounds asserted by Tibbs in support of his contention that he was not afforded adequate representation at the trial. Rule TR 59(G); Rule AP. 8.3(A)(7); *Bonds* v. *State* (1972), 258 Ind. 241, 280 N.E.2d 313; *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285.

inform either him or Counsel that he could be tried and convicted as an accessory.

The State argues that no evidence was presented which would tend to prove that Counsel was in fact unaware of the law permitting conviction as an accessory under an indictment charging a defendant as a principal.

Tibbs raises other questions in his Brief which have been rendered moot by our consideration of these three issues or have been waived by failure to cite authority. Rule AP. 8.3(A).

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that Tibbs failed to establish at the Post-Conviction hearing that he was inadequately represented at trial by Counsel.

*Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418, articulates the presumption of adequacy of trial counsel:

> "There is a presumption that the trial counsel appointed or accepted by the trial court is competent. Kelly v. State (1972), [259] Ind. [414], 287 N.E.2d 872. *This presumption can be overcome only by a showing that the attorney's actions, or inactions, made the proceedings a mockery and shocking to the conscience of the court.* Robbins v. State (1971), [257] Ind. [273], 274 N.E.2d 255. The trial court was entitled to disbelieve appellant's testimony and to accept the testimony of his trial counsel. Harrison v. State (1973), [155] Ind. App. [231], 292 N.E.2d 612." (Emphasis supplied). 298 N.E.2d at 420. See also, *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514.

To overcome the presumption strong, convincing proof leading to but one factual conclusion is necessary. *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E. 2d 219.

Each case must stand or fall on its own facts as exhibited by the record on appeal. *State* v. *Irvin* (1973), 259 Ind. 610,

291 N.E.2d 70; *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919; *Shack* v. *State* (1967), 249 Ind. 67, 231 N.E.2d 36.

No such evidence is apparent in this record. Counsel investigated the facts by conferring with the Prosecutor's staff, officers, and State witnesses. He conferred with Tibbs and there is no indication that he refused to counsel with Tibbs when requested to do so.

Furthermore, the evidence fails to demonstrate how Tibbs' case would have been strengthened by appointment of Counsel prior to arraignment. Absent such an evidentiary showing, we cannot say as a matter of law that Tibbs' right to effective representation was compromised by Counsel having only three weeks in which to prepare for trial.

Essentially Tibbs' argument consists of charging perfunctory representation and indulging in inferences and assumptions against adequate representation, none of which are substantiated by the record.

Tibbs emphasizes that Counsel failed to call witnesses in his behalf even though requested to do so. Counsel denied such a request was made, and the trial judge apparently disbelieved Tibbs' testimony which he had a right to do. *Haddock* v. *State, supra.*

It is just as reasonable to infer from this record that Counsel's investigation led him to believe no witnesses were available for the defense as it is to infer that witnesses should have been called. The presumption of adequacy of counsel requires us to assume that during the three week period prior to trial available to Counsel, his investigation was sufficient to prepare an adequate defense.

Counsel was not requested to present a specific defense as to certain favorable identified witnesses as was true in *Thomas* v. *State, supra,* (relied on by Tibbs).

In any event Tibbs fails to specifically demonstrate how he was prejudiced by his attorney's failure to call defense witnesses—assuming such a request was made. See *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E.2d 158; *State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *Fluty* v. *State* (1947), 224 Ind. 652, 71 N.E.2d 565; *Johnson* v. *State* (1968), 251 Ind. 17, 238 N.E.2d 651.

Counsel did move to discharge Tibbs at the close of the State's case, and even Tibbs' appeal counsel concedes that as a matter of strategy, trial counsel may have been relying on the inherent weaknesses of the State's case.

Tibbs also urges inadequate representation in that no change of judge was perfected due to the exhibited bias and prejudice of the trial judge. If any prejudice crept into the trial, it did so too late to take a change of judge.

What may appear superficially to be "perfunctory representation" may be the result of carefully devised trial strategy —or it may not. The totality of the circumstances must be considered:

> "The mere fact that another attorney might have conducted the defense differently is not sufficient to require a reversal. * * * Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice. * * * [A] *reviewing court should look to the totality of circumstances* to determine whether or not trial counsel was competent. * * *" (Emphasis supplied.) *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; see also: *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255; *Johnson* v. *State* (1973), 157 Ind. App. 372, 300 N.E.2d 369.

Considering the totality of the circumstances, Tibbs has failed to overcome the presumption of adequacy of trial counsel by "a showing that the attorney's actions, or inactions, made the proceedings a mockery and shocking to the conscience of the court."

ISSUE TWO:

CONCLUSION—It is our opinion that the record demonstrates a knowing and intelligent waiver by Tibbs of his right to trial by jury.

Tibbs finds fault with his waiver of a jury trial in that he was not informed in sufficient detail of all that is encompassed in a jury trial—specifically, that he was entitled to twelve impartial jurors who must find him guilty beyond a reasonable doubt. He admits no Indiana authority exists to support his position.

While it is true that constitutional rights must be knowingly waived, no exact words are required:

"This is a question of fact to be determined primarily by the trial court, and unless we can say that upon the evidence there can be no reasonable difference of opinion, the decision of the trial court must stand. . . . The law requires an intelligent and understanding waiver of constitutional rights. *No special form of words is required.*" (Emphasis supplied). *Hoelscher* v. *State* (1944), 223 Ind. 62, 68, 57 N.E.2d 770, 772.

Tibbs was twenty years old, was represented by counsel, had at least completed a junior high school education, and had three previous convictions. The unambiguous colloquy between the trial judge and Tibbs did not include a complete description of all aspects of the right to a jury trial, but was sufficient under these circumstances to constitute a knowing waiver.

Indeed, the record shows that despite Counsel's initiation of the waiver, the explanations subsequently addressed to Tibbs by the trial court were clear, and the responses thereto by Tibbs unequivocal. The trial court explicitly asked Tibbs if he knew what a jury was. Upon receiving an affirmative answer, the court nevertheless explained to Tibbs that if he were tried by a jury, twelve citizens would hear his case instead of the trial judge. This was followed by the trial judge again asking Tibbs whether he wanted a jury.

Courts in other jurisdictions agree that more lengthy explanations are not required to validate a jury waiver. See e.g., *People* v. *Delgado* (1973), 10 Ill. App. 3d 33, 294 N.E.2d 84; *People* v. *Geary* (1972), 8 Ill. App. 3d 633, 291 N.E.2d 13; *People* v. *Scott* (1972), 6 Ill. App. 3d 281, 285 N.E.2d 476; *Singleton* v. *State* (1971), 48 Ala. App. 157, 262 So.2d 772, cert. den. 288 Ala. 751, 262 So.2d 776; *People* v. *Rogers* (1971), 2 Ill. App. 3d 507, 276 N.E.2d 504; *Gregory* v. *U.S.* (D.C. Ct. App. 1970), 271 A.2d 791.

This is not a case involving dementia or illiteracy or one in which the experience of the defendant with the law is "slight". Tibbs' failure to complete high school does not, itself, constitute such a disability as to require more of the trial court. *Anness* v. *State* (1971), 256 Ind. 368, 269 N.E.2d 8; *Capps* v. *State* (1967), 248 Ind. 678, 230 N.E.2d 544.

ISSUE THREE.

CONCLUSION—It is our opinion that the form of the indictment charging Tibbs as a principal did not violate constitutional right to due process.

We find no evidence in the record which would compel a finding that Counsel was unaware of the law permitting Tibbs to be convicted as an accessory although charged under the indictment as a principal. IC (1971), § 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns 1956 Repl.) ; *Harms* v. *State* (1973), 156 Ind. App. 123, 295 N.E.2d 156; *Tibbs* v. *State, supra.* No evidence was presented at the Post-Conviction Hearing which could even suggest such unawareness, much less overcome the strong presumption of counsel's knowledge and competence with respect to such matters. *See, Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231.

Denial of Tibbs' Post-Conviction Petition is affirmed.

Sullivan, J., concurs; Robertson, J. (by designation) concurs.

NOTE.—Reported at 303 N.E.2d 294.