ANTHONY M. MELENDEZ, DALE WILLIAM HARVEY, LEO LAY, JR. *v.* STATE OF INDIANA.

[No. 2-573A113. Filed June 20, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellants.

*Theodore L. Sendak*, Attorney General, *Larry C. Gossett*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—This is a consolidated appeal by Appellants, Anthony M. Melendez, Dale William Harvey and Leo Lay, Jr., (the Defendants) from denial of their Petitions for Post Conviction Relief wherein they allege their pleas of guilty to the offense of Committing a Felony While Armed with a Deadly Weapon (Theft) were not knowingly intelligently and voluntarily made, and further claim inadequate representation by their joint counsel.

We affirm.

## FACTS

The facts in evidence when viewed most favorably to the State and the judgment of the trial court are:

On July 25, 1971, the Defendants were charged with Armed Robbery and Commission of a Felony While Armed With a Deadly Weapon.

On August 9, 1971, the Defendants were advised by the trial court of their legal and constitutional rights, and the Court appointed counsel to act for and on their behalf, al-

though the Defendants appeared to have acted pro se at times thereafter.

On September 8, 1971, in response to a Motion for Change of Judge, a Special Judge was appointed.

On November 16, 1971, the Defendants in person and by their court-appointed counsel appeared in open court and pled guilty to the lesser included offense of Committing a Felony While Armed With a Deadly Weapon (Theft).

Counsel for the Defendants negotiated their guilty plea, expending approximately one hundred hours in the process of representing the Defendants.

In open court, with an empanelled jury in the wings, the Trial Judge proceeded to extensively question the Defendants, explaining to them their constitutional rights and the nature and consequences of the crime to which they were pleading guilty, and the minimum and maximum punishment for that crime. In response to the Judge's questioning, the Defendants gave every indication they fully understood the nature of the crime with which they were charged and the punishment for that crime and the constitutional consequences of waiving their rights, and gave no indication that they did not do so freely and voluntarily. Further, they each stated that they had an opportunity to carefully read and examine the Affidavits charging them with a crime, and had discussed the entering of their guilty plea fully with their attorney in private, and that they were satisfied with his services. The Trial Judge further asked them if they had any questions concerning their guilty plea, to which they responded in the negative.

Thereafter, the Defendants were sentenced to the Indiana State Reformatory for a determinate period of three years.

On June 26, 1972, the Defendants filed a Petition for Post Conviction Relief. After hearing held on November 9, 1972, and on November 21, the trial court filed Specific Findings of

Fact and Conclusions of Law and entered Judgment denying all three Petitions for Post Conviction Relief. Their Motions to Correct Errors were subsequently overruled, and this appeal follows.

## ISSUES

Two issues are presented for our consideration:

ISSUE ONE—Did the Defendants enter their guilty pleas freely, knowingly and voluntarily?

ISSUE TWO—Were the Defendants afforded effective and adequate trial counsel?

As to ISSUE ONE, the Defendants maintain the Court failed to inform them that they were waiving any constitutional rights and failed to advise them of the consequences of their waiver of these constitutional rights.

As to ISSUE ONE, the State points out the Defendants had the burden of proving that their plea was not made voluntarily and knowingly, which they could not and did not sustain because the record amply demonstrates the Defendants were fully advised of their constitutional rights and they knowingly and voluntarily waived them.

As to ISSUE TWO, the Defendants claim incompetency of counsel because one counsel was appointed for the three of them to represent them as a group rather than individually, and that such representation is necessarily prejudicial to the interests of each Defendant.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that the transcript of the guilty plea hearing amply demonstrates that the Defendants' pleas were entered voluntarily and knowingly.

The Defendants' argument leans on a slender reed of specificity. They assert the Trial Judge failed in specific language to state they were waiving their constitutional

rights and the consequences of their waiver. The reed immediately collapses with even a casual examination of the numerous pages in the record devoted by the Trial Judge to establishing beyond question that the Defendants were fully informed of their constitutional rights and the exact consequences of their waiver.

Implicit throughout the extended dialogue between the Trial Judge and the Defendants is the clear implication that by entering a plea of guilty the Defendants were waiving their constitutional rights as set forth in detail by the Judge. Also, these specific statements by the Trial Judge indicate there would be a trial if they did not waive their constitutional rights by pleading guilty.

"THE JUDGE: To expand somewhat, as far as your right to a public trial by an impartial jury, you are aware that today this case was scheduled for trial and that presently a jury panel awaits in the court—jury room and the court and counsel as well as the jury is prepared to proceed in the jury trial in the matter of a few moments if you so desire. Do you understand that?

\* \* \*

"THE JUDGE: Now the court will, at this time, further inform you that your attorney has made a motion for leave to permit each of you to enter a charge of guilty —a plea of guilty—to the crime of the commission of a felony of theft while armed with a deadly weapon, which of course, would permit the court then to impose a penalty of imprisonment for a determinate period of not less than one year nor more than fifteen years—in other words, flat time. Mr. Harvey, do you understand that?

"MR. HARVEY: Yes.

"THE JUDGE: Mr. Lay? and Mr. Melendez?

"MR. LAY and MR. MELENDEZ: Yes.

"THE JUDGE: Do you further understand that you do have another opportunity to reconsider any contemplated plea of guilty and that [if] you do so reconsider and determine to continue your full plea of not guilty to all charges as contained or charged in the affidavit that we will proceed to trial in a matter of minutes—you understand that?"

In order to waive a constitutional right no exact words are required.

> Tibbs v. State (1973), 158 Ind. App. 485, 303 N.E. 2d 294. As we said in that case, quoting from Hoelscher v. State:

> " 'This is a question of fact to be determined primarily by the trial court, and unless we can say that upon the evidence there can be no reasonable difference of opinion, the decision of the trial court must stand . . . The law requires an intelligent and understanding waiver of constitutional rights. No special form of words is required.' (Emphasis supplied.) Hoelscher v. State (1944), 223 Ind. 62, 68, 57 N.E.2d 770, 772." 303 N.E.2d at 299.

The record before us adequately demonstrates that the Defendants knowingly and voluntarily entered a plea of guilty and waived their constitutional rights in accordance with applicable law as set forth in: Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; Brimhall v. State (1972), 258 Ind. 153, 279 N.E.2d 557; Kelly v. State (1972), 259 Ind. 414, 287 N.E.2d 872; Bonner v. State (1973), 156 Ind. App. 513, 297 N.E.2d 867.

In Bonner this Court summarized the Indiana and Federal requirements as to what the record must contain in order for an accused to knowingly and voluntarily enter a plea of guilty and thereby waive his constitutional rights. There is no need for repetition of that in-depth discussion here.

As our Supreme Court concluded in Kelly:

> "We find nothing in the record in the case at bar which would indicate that appellant was not knowledgeable and exercising his own free choice when he entered his plea of guilty. In fact, there is ample affirmative evidence that his plea of guilty was entered knowingly, freely and understandingly."

ISSUE TWO

CONCLUSION—It is our opinion that the trial court did not commit error in finding that the Defendants' trial counsel was competent and adequately represented them at the guilty plea hearing.

Judge Robertson, in *Wilson* v. *State* (1973), 155 Ind. App. 100, 291 N.E.2d 570, demolished Defendants' argument that representation of co-defendants by counsel for the purpose of negotiating a guilty plea for all is a per se conflict of interest:

> "Wilson has not presented us with authority, nor have we been able to discover authority for the proposition that representation of co-defendants for the purpose of negotiating a plea, per se, is a conflict of interest. Wilson's attorney had instructions to obtain for each defendant sentences of the least possible amount of time. This he successfully accomplished. We cannot, therefore, say that there was demonstrable conflicting interests."

As in *Wilson*, Defendants have cited *Glasser* v. *United States* (1941), 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, in support of the naked proposition that one attorney may not represent a group of accused persons, because to do so would necessarily sacrifice the interests of one or more of the defendants. *Glasser* does support the principle that one lawyer may not represent conflicting interests in a criminal proceeding, but is distinguishable in that *Glasser* objected to the joint representation and pointed specifically to the inconsistent interests of the co-defendants.

There is no showing on the part of these Defendants that their interests were in fact conflicting or that their right to effective legal representation was in any manner impaired.

The presumption that trial counsel discharged his duty fully and competently has not been rebutted. *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184; *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E.2d 158; *State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231; *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803; *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418; *Tibbs* v. *State, supra.*

Judgment affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 312 N.E.2d 508.