GEORGE DONALD ANGEL *v.* STATE OF INDIANA.

[No. 1-875A140. Filed February 24, 1976.]

*Arthur Griffith,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant George Donald Angel (Angel) and Larry Owen Cook were charged by information with the crimes of Burglary in the Second Degree[1] and Auto Theft.[2] Trial by jury resulted in the defendant Angel being convicted on both counts on which the court duly entered judgment. Angel timely filed his motion to correct errors which was by the court overruled with this appeal following.

The evidence most favorable to the State is that Columbus E. Barnett who resided in Evansville owned a 1963 Chevrolet white over blue four door station wagon. This vehicle was stolen and the theft reported to Evansville police who found the car within a few hours.

On the night of the alleged theft of the vehicle the tavern of Helen Griesinger in Evansville was broken into and more than $600 was stolen, together with some red quarters, beer, and several quarts of whiskey. The whiskey had the price mark placed thereon and some of its also had the name of Wilbur F. Hahn, a certified public accountant who took care of the tavern books, written thereon. Mr. Hahn had helped Mrs. Griesinger put up some liquor and had helped mark

1. IC 1971, 35-13-4-4 (Burns Code Ed., Burns § 10-701(b)).
2. IC 1971, 35-17-5-3(1a) (Burns Code Ed., Burns § 10-3039(5-d)).

the price on the same and put it on the back bar. In court Mr. Hahn identified the writing on the whiskey bottles as his.

The rear door to the tavern had been pried open, a door to a beer room had also been pried and burst open and the lock broken off. The cigarette machine was destroyed and money removed, a jukebox damaged and a pool table broken and the money removed from it. The money box had been removed from the premises.

At about 1:40 A.M. on the night Mr. Barnett's vehicle was reported stolen police officers observed the vehicle as it had a headlight out. Upon stopping the vehicle, Mr. Cook was driving and Angel and a woman were with him. Cook and Angel were placed in the patrol car and then the officers determined contents of the station wagon to be as follows, to-wit: beer, several beer cases filled with liquor bottles, some of which bore the name of Wilbur F. Hahn, and the price per bottle all as written thereon by Mr. Hahn, a crowbar and an old hatchet. There was a paper sack of quarters and change totaling $94.41. Mr. Angel had $158.00 in his pocket, of which he said, "It don't belong to me." Cook had on his person $375.09. The total money recovered was $627.50.

Specifications 1 and 2 of the motion to correct errors are that the verdict was not sustained by sufficient evidence on all necessary elements of the offense charged and that the verdict is contrary to the evidence.

With regard to Count 2, auto theft, the evidence was that Angel called Cook after midnight and asked him to go to Angel's home and pick him up because of a marital rift between Angel and his wife. Cook said his car was down but he would borrow one. Nothing in the record shows Angel was an accomplice or accessory of Cook's in taking the car; nothing shows Cook was going to steal a car nor does it show Angel aided and abetted in the theft, and nothing shows Angel had knowledge the car was stolen. The fact that Angel was apprehended in a stolen car driven

by Cook in which there was loot from a burglary and at such time Angel had $158.00 in his pocket he said was not his, although it is very convincing evidence of his part in the burglary, does not give rise to the fact that he aided or abetted Cook in the stealing of the automobile or knew it was stolen.

In the case of *Pruitt* v. *State* (1975), 166 Ind. App. 67, 333 N.E.2d 874 at 880, this court, in quoting from *Amaro* v. *State* (1968), 251 Ind. 88, 239 N.E.2d 394, stated, "Companionship with the criminal actor is not synonymous with encouragement of the crime." And at page 881, this court, in speaking of two co-defendants in the truck at the time gasoline was stolen, stated they were passive guests in the truck operated by Pruitt; they were many miles from home and without control over the truck and its operation, and further said: "There is no evidence in the record that appellants Donald and Debra Jackson did anything to aid or abet the larceny of the gasoline," and held there was not sufficient evidence to sustain a conviction of the Jacksons on the charge of theft.

The State having failed in its proof of the auto theft, we are constrained to hold that there was insufficient evidence to sustain Count 2 of the information and reverse as to Count 2. We do find, however, there was sufficient evidence to sustain Angel's conviction under Count 1, burglary in the second degree.

Angel next urges that the offenses of burglary and auto theft should not have been joined in one information as they are not related crimes and are not covered by the same statute.

The criteria for the joinder of two crimes in one information is set out by statute as follows:

"35-3.1-1-9[9-911]. Joinder of offenses and defendants.—(a) Two [2] or more crimes can be joined in the same indictment or information, with each crime stated in a

separate count, when the crimes, whether felonies or misdemeanors or both

\* \* \*

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."

When the information was filed it did appear that the defendants Cook and Angel were involved in each charged offense. The stolen car was used in the burglary.

We find no error in the trial court's refusal to separate the counts of the information.

Lastly, Angel urges the court erred in refusing to give to the jury Angel's tendered Instruction No. 1. This instruction would inform the jury that the State's failure to call the wife of a co-defendant who was in the car at the time of the arrest, and not on trial, would permit the jury to assume her evidence would have been against the State.

It is not the State's duty to produce all witnesses present at the commission of a crime. *Denton* v. *State* (1965), 246 Ind. 155, 203 N.E.2d 539. Angel was provided with compulsory process and could call the witness as his own. *Anness* v. *State* (1971), 256 Ind. 368, 370, 269 N.E.2d 8.

Further, the instruction was incorrect in that it did not inform the jury the nonproduced witness was not equally available to both parties. *Young* v. *State* (1974), 161 Ind. App. 532, 316 N.E.2d 435, 439 [4]. See also *Gatchett* v. *State* (1973), 261 Ind. 109, 300 N.E.2d 665, 667 [9].

The instruction was properly refused.

We shall not write on any of the other alleged errors for the reason they were not set forth specifically and followed by the argument applicable thereto. There was no citation of authorities, statutes or parts of the record relied upon.

Thus such alleged errors are waived pursuant to Ind. Rules of Procedure, Appellant Rule 8.3 (A) (7).

We find that the judgment should be affirmed as to Count 1, Burglary in the Second Degree, and reversed as to Count 2, Auto Theft, and remanded to the trial court for correction of the sentence.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 342 N.E.2d 668.