REXIE BUCK *v.* STATE OF INDIANA

[No. 1177S778. Filed December 15, 1978.]

*Christopher C. Zoeller*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Rollin E. Thompson*, Assistant Attorney General, for appellee.

PRENTICE, J. — Defendant (Appellant) was convicted of the commission of a felony while armed with a deadly weapon, to-wit: robbery, Ind. Code § 35-12-1-1 (Burns 1975) and was sentenced to twelve (12) years imprisonment. His appeal presents the following issues:

(1) Was the evidence sufficient to sustain the verdict?

(2) Did the court err in failing to require the State to call a particular witness or, in the alternative, to order a continuance?

## ISSUE I

Defendant's claim of insufficiency of the evidence is that the only evidence presented by the State linking him to the robbery of the College Sixty Minute Cleaners was the uncorroborated testimony of Valerie Davis, an employee at the cleaners and that her testimony was subject to very close scrutiny because of evidence suggesting that she may have been involved in the robbery.

When reviewing a sufficiency of the evidence question, we look only to the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom in order to determine whether the decision of the finder of fact is supported by sufficient evidence upon each of the essential elements of the crime charged. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831. In so doing, we will neither reweigh the evidence nor judge the credibility of the witnesses. *Beasley v. State*, (1977), 267 Ind. 396, 370 N.E.2d 360; *Robinson v. State*, (1977) 266 Ind. 604, 365 N.E.2d 1218.

The evidence when viewed in such a light indicates that the defendant, accompanied by Morrow, entered the College Sixty Minute Cleaners carrying a sawed-off shotgun partially concealed under a piece of clothing. He pointed the gun at Ms. Davis and asked for all of the money in the store. She gave him fifty

dollars. The defendant then turned to Morrow and proceeded to rob him. Both Ms. Davis and Morrow were told to lie face down behind the counter and the defendant left.

Ms. Davis testified to all of the foregoing and positively identified the defendant as the man who robbed her. The defendant however, testified that he had not been present at the cleaners and that Morrow had admitted that he and Ms. Davis had been in on the robbery together.

The uncorroborated testimony of a single eye witness is sufficient evidence upon which to base a conviction, provided that such evidence supports a conclusion of guilt beyond a reasonable doubt. *Robinson v. State, supra.* In this case, the defendant was positively identified by Ms. Davis as the perpetrator of the robbery. Although her testimony differed from the defendant's version of the events as they occurred that day, any conflicts were matters to be resolved by the trial judge, who, as the trier of fact in this case was the sole judge of the weight and credibility of the witnesses' testimony. *Merritt v. State*, (1978) 267 Ind. 460, 371 N.E.2d 382.

### ISSUE II

The second issued revolves around the failure of the State to call Joe Morrow as a witness, inasmuch as he had been named as a witness on the back of the information. In his brief the defendant argues that the State had a duty to call Morrow as a witness so as to refute the defendant's testimony. In the alternative, he argues that the court should have granted a continuance so as to allow the defendant sufficient time to produce Morrow as a witness. The defendant concedes that he failed to preserve this issue for review by not raising it in his motion to correct errors as required by Trial Rule 59(G). Regardless of whether or not the defendant has waived review of this issue, we find that there was no error committed at the trial. The State was under no duty to call Morrow as a witness. *Anness v. State*, (1971) 256 Ind. 368, 269 N.E.2d 8. Had the defendant wished to examine Morrow, he should have called him as his own witness. In addition, the record fails to disclose that the defendant made any requests for a continuance other than the request made at the close of the State's case in chief, which was granted by the trial court.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE—Reported at 383 N.E.2d 63.