**Eddie BONDS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 483S154.**

Supreme Court of Indiana.

Oct. 21, 1986.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Eddie Bonds, was convicted of battery with a deadly weapon at the conclusion of a jury trial in the Elkhart Superior Court. The jury also found Appellant to be a habitual offender. The trial court sentenced Appellant to eight (8) years for the battery conviction, enhanced by thirty (30) years for being a habitual offender. Appellant raises sufficiency of the evidence as the only issue in his direct appeal.

The facts most favorable to the State are as follows. On April 4, 1982, Phyllis Sanders was sitting in the driver's seat of her car which was parked in front of her residence. She was having a conversation with Purcie Edwards, who also was in the car. Appellant drove up in a friend's car, exited the car, and approached Phyllis. As Phyllis tried to get out of her car, Appellant hit her with his fist. He reached inside his pocket and drew a knife. Despite her attempts to ward him off, Appellant repeatedly struck and slashed Phyllis. Appellant then dragged Phyllis from the car and kicked her in the mouth.

Steven Sanders, Phyllis' son, saw the attack from the second floor window of his sister's apartment. Upon seeing his mother being cut, he ran and told his sister, Sandra, who ran outside with a knife and chased Appellant away. Phyllis was taken to the hospital and treated for lacerations which required nearly thirty (30) stitches to close.

Appellant argues there was insufficient evidence to support his conviction. Specifically, he claims there was no evidence offered by the State to show that he acted "knowingly or intentionally" as required by Ind.Code § 35–42–2–1 (Burns, 1985). Further, Appellant claims the State failed to call the only eye witness to the incident, that being Purcie Edwards. Thus he claims the State did not prove his acts were intentional, but rather asks us to find them to be the result of an accidental struggle between Appellant and Phyllis Sanders. We do not agree.

When this Court is confronted with a challenge to the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of the witnesses. We examine only the circumstantial and direct evidence most favorable to the State, together with all reasonable inferences which can be drawn therefrom. If there is substantial evidence of probative value to support the defendant's conviction, the conviction will not be set aside. *McAfee v. State* (1984), Ind., 459 N.E.2d 1186, 1187; *Napier v. State* (1983), Ind., 445 N.E.2d 1361, 1366, *reh. denied.* The law is well settled that intent may be inferred from the circumstances of the offense, and that the uncorroborated testimony of the victim is sufficient to establish an element of the crime necessary to support the conviction. *Chambers v. State* (1979), 271 Ind. 357, 365, 392 N.E.2d 1156, 1161; *Springer v. State* (1984), Ind., 463 N.E.2d 243, 245. Further, the State is under no obligation to call a witness to an offense merely because their name appears on the information. This is especially true where the defendant could have called the person as his own witness. *Buck v. State* (1978), 270 Ind. 49, 51, 383 N.E.2d 63, 65. Given the law and our review of the record most favorable to the State, we hold that there was sufficient evidence to support Appellant's conviction.

The victim testified that Appellant's attack was unprovoked. The victim's son and daughter both testified that they saw Appellant striking and slashing at their mother. This raises a strong inference that the attack was intentional and deliberate, and not the result of an accidental struggle between the two. Thus, there was sufficient evidence to prove that Appellant acted "knowingly or intentionally" when he confronted the victim.

Finding sufficient evidence to support Appellant's conviction, we affirm the trial court.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.